1
2
3
4
5
6                          **UNITED STATES DISTRICT COURT**
7                               **DISTRICT OF NEVADA**
8
9   THOMAS R. SORIA, JR.,                    )
10          #66082                            )
                                             )
            Plaintiff,                        )        3:10-cv-00295-LRH-VPC
11                                            )
    vs.                                       )
12                                            )        **ORDER**
    HOWARD SKOLNIK, *et al.*,                 )
13                                            )
            Defendants.                       )
14  _____/
15
16          This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  The court now reviews
    the complaint.
17
    **I.  Screening Standard**
18
            Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's
19
    claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state
20
    a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune
21
    from such relief."  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis
22
    either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss
23
    a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual
24
    contentions are clearly baseless.  *Id*. at 327.  The critical inquiry is whether a constitutional claim,
25
    however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d
26
    639, 640 (9th Cir. 1989).
27
            Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided
28

1   for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section

2   1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  Review under Rule

3   12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232

4   F.3d 719, 723 (9th Cir. 2000).  A complaint must contain more than a "formulaic recitation of the

5   elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief

6   above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965

7   (2007). "The pleading must contain something more...than...a statement of facts that merely creates a

8   suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the

9   court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital*

10   *Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and

11   resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

12          Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings

13   drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21

14   (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  All

15   or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims

16   lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are

17   untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal

18   interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*

19   fantastic or delusional scenarios).  *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932

20   F.2d 795, 798 (9th Cir. 1991).

21          To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained

22   of was committed by a person acting under color of state law; and (2) that the conduct deprived the

23   plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir.

24   2006).

25   **II.  Instant Complaint**

26          Plaintiff, who is incarcerated at Lovelock Correctional Center ("LCC"), has sued the Nevada

27   Department of Corrections ("NDOC"), as well as NDOC Director Howard Skolnik, NDOC Deputy

28   Director Don Helling, LCC Warden Jack Palmer, and Does 1-3.  Plaintiff alleges that he is a practicing

Jew, yet defendants have repeatedly denied his request to receive a kosher diet. Plaintiff asserts that defendants have promulgated and enforced policies and customs that require that an inmate be recognized as a practicing Jew by the Aleph Institute or other recognized Jewish organization in order to receive a kosher diet that they know violate his First Amendment rights as well as his rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5 (2000). Plaintiff claims the prison makes expenditures for other religions' holidays and services while he is denied a kosher diet in violation of his Fourteenth Amendment right to equal protection. He also alleges violation of his Fourteenth Amendment right to due process.

As an initial matter, while plaintiff names NDOC as a defendant, states and any governmental agency that is an arm of the state are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Hale v. Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991); *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). Section 1983 claims against states or a governmental entity that is an arm of the state, therefore, are legally frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*). Because NDOC is one of the arms of the State, it is not a person for the purposes of § 1983. *See Doe*, 131 F.3d 836; *Black v. Nevada Dept. Of Corrections*, 2010 WL 2545760 at *2 (Slip Copy, June 21, 2010, D.Nev.). Accordingly, the claims against NDOC are dismissed with prejudice.

Also, while plaintiff alleges, without elaboration, a violation of his Fourteenth Amendment due process rights, "[w]here a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing [a plaintiff's] claims.'" *Albright v. Oliver*, 510 U.S. 266, 273-74 (1994) (Rehnquist, C.J., for plurality) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Therefore, plaintiff's claims will be analyzed under the First Amendment right to free exercise of religion rather any generalized notions of substantive due process under the Fourteenth Amendment, and his Fourteenth Amendment claim must be dismissed with prejudice.

**A.  First Amendment Right to Free Exercise of Religion**

The First Amendment to the United States Constitution provides that Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof.  U.S. Const., amend. I.  The United States Supreme Court has held that prisoners retain their First Amendment rights, including the right to free exercise of religion.  *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). The Court has also recognized that limitations on a prisoner's free exercise rights arise from both the fact of incarceration and from valid penological objectives.  *Id.; McElyea v. Babbit*, 833 F. 2d 196, 197 (9th Cir. 1987).

Prison regulations alleged to infringe on the religious exercise right must be evaluated under the "reasonableness" test set forth in *Turner v. Safley*, 482 U.S. 78, 89-91 (1987).  *See also O'Lone*, 382 U.S. at 349; *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997) (recognizing that the United States Supreme Court's decision in *City of Boerne v. P.F. Flores*, 521 U.S. 507 (1997), invalidated the Religious Freedom Restoration Act and restored the "reasonableness test" as the applicable standard in free exercise challenges brought by prison inmates).

In determining the reasonableness of a challenged restriction on First Amendment rights, the court considers four factors.  First, there must be a valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it, and the governmental objective must itself be a legitimate and neutral one.  A second consideration is whether alternative means of exercising the right on which the regulation impinges remain open to prison inmates.  A third consideration is the impact accommodation of the asserted right will have on guards, other inmates, and the allocation of prison resources.  Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation. *Allen v. Toombs*, 827 F.2d 563, 567 (9th Cir. 1987) (citing *Turner v. Safley*, 482 U.S. at 89-91).    With his allegations that the requirement that he have outside sponsorship by certain Jewish organizations imposes a substantial burden on his religious exercise, plaintiff states a First Amendment claim.

**B.  Religious Land Use and Institutionalized Persons Act ("RLUIPA")**

Section 3 of RLUIPA provides that "[no] [state or local] government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the

government shows that the burden furthers "a compelling governmental interest" and does so by "the least restrictive means."  42 U.S.C. § 2000cc-1(a); *see also Greene v. Solano County Jail*, 513 F.3d 982, 986 (9th Cir. 2008); *Alvarez v. Hill*, 518 F.3d 1152, 1156-57 (9th Cir. 2008).  With his allegations that the requirement that he have outside sponsorship by certain Jewish organizations imposes a substantial burden on his religious exercise, plaintiff states a claim under RLUIPA.

**C. Fourteenth Amendment Right to Equal Protection**

Prisoners are protected by the Equal Protection Clause from intentional discrimination on the basis of their religion.  *See Freeman v. Arpaio*, 125 f.3d 732, 737 (9th Cir. 1997), *abrogated on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).  Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose.  *See San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972).  Prison officials cannot discriminate against particular religions.  *See Cruz v. Beto*, 405 U.S. 319, 321-22 (1972) (*per curiam*).  Prisons must afford an inmate of a minority religion "a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts."  *Id*. at 322.  To succeed on an equal protection claim, a plaintiff must allege that defendants acted with intentional discrimination.  *Lowe v. City of Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1985); *FDIC v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991).  With his allegations that the prison makes expenditures for other religions' holidays and services while he is denied a kosher diet, plaintiff states a Fourteenth Amendment equal protection claim.

**III.  Conclusion**

**IT IS THEREFORE ORDERED** that the Clerk of Court shall detach and **FILE** the complaint. (Docket #1-2).

**IT IS FURTHER ORDERED** that the Nevada Department of Corrections ("NDOC") is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that plaintiff's First Amendment claim **may proceed**.

**IT IS FURTHER ORDERED** that plaintiff's claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") **may proceed**.

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment Equal Protection claim

1   **may proceed**.

2           **IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment Due Process claim is

3   **DISMISSED** with prejudice.

4           **IT IS FURTHER ORDERED** that the Clerk **shall electronically serve a copy of this order,**

5   **including the attached Intent to Proceed with Mediation Form, on the Office of the Attorney**

6   **General of the State of Nevada, attention Pamela Sharp**.

7           **IT IS FURTHER ORDERED** that the parties **SHALL DETACH, COMPLETE, AND FILE**

8   the attached Intent to Proceed with Mediation Form on or before **forty-five (45) days** from the date of

9   entry of this order.

10          **IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an

11  appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other

12  document submitted for consideration by the court.  Plaintiff shall include with the original paper

13  submitted for filing a certificate stating the date that a true and correct copy of the document was mailed

14  to the defendants or counsel for defendants.  If counsel has entered a notice of appearance, the plaintiff

15  shall direct service to the individual attorney named in the notice of appearance, at the address stated

16  therein.  The court may disregard any paper received by a district judge or a magistrate judge that has

17  not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

18

19          DATED this 10th day of August, 2010.

20

21

22                                                  _____
                                                    LARRY R. HICKS

23                                                  UNITED STATES DISTRICT JUDGE

24

25

26

27

28

6

1

2 _____
   Name

3 _____
   Prison Number

4 _____
   Address

5 _____

6 _____

UNITED STATES DISTRICT COURT
7                                              DISTRICT OF NEVADA

8 _____,   )   Case No. _____
                         Plaintiff,        )

9                                            )
                                             )         **NOTICE OF INTENT TO**
10 v.                                        )         **PROCEED WITH MEDIATION**
                                             )
11 _____   )
                                             )
12 _____   )
                         Defendants.         )
13 _____   )

14          This case may be referred to the District of Nevada's early inmate mediation program.  The purpose of this notice is to assess the suitability of this case for mediation.  Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

16 1.      Do you wish to proceed to early mediation in this case? \_\_\_\_ Yes  \_\_\_\_ No

17 2.      If no, please state the reason(s) you do not wish to proceed with mediation? _____

18          _____

19          _____

20          _____

21 3.      List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

23          _____

24          _____

25          _____

26

27 4.      List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).
28

7

_____

_____

_____

_____

5.    Are there any other comments you would like to express to the court about whether this case is suitable for mediation.  You may include a brief statement as to why you believe this case is suitable for mediation.  (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before forty-five (45) days from the date of this order.**

Counsel for defendants: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this \_\_\_\_ day of _____, 20\_\_\_\_.

_____
Signature

_____
Name of person who prepared or
helped prepare this document